**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| KENNETH T. HINES,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>NEW JERSEY ATTORNEY GENERAL OFFICE, et al.,<br><br>　　　　　　Defendants. | Civil Action No. 24-428 (ZNQ) (TJB)<br><br>**OPINION** |

**QURAISHI, District Judge**

This matter comes before the Court on the Court's *sua sponte* screening of Plaintiff's complaint. (ECF No. 1.) Because Plaintiff was previously granted *in forma pauperis* status in this matter, (*see* ECF No. 3), this Court is required to screen his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and dismiss any claim which is frivolous, malicious, fails to state a claim for relief, or seeks relief from an immune defendant. For the reasons set forth below, Plaintiff's complaint shall be dismissed without prejudice for failure to state a claim for which relief may be granted.

**I.　BACKGROUND**

Plaintiff is a convicted state prisoner serving a seventeen-year sentence subject to a significant mandatory minimum sentence pursuant to New Jersey's No Early Release Act. (ECF No. 1 at 5-6.) Because of this mandatory minimum, Plaintiff contends that he cannot receive the full benefit of any work credits he accrues during his prison term. (*Id.*) Plaintiff therefore contends that he should be entitled to monetary compensation for any work credits he may not be able to

apply. (*Id.*) As Defendants in this matter, Plaintiff names only Victoria Kuhn, the commissioner of the New Jersey Department of Corrections, and the New Jersey Attorney General's Office. (*Id.* at 4.) Plaintiff does not explain how or why either named Defendant is actually responsible for the lack of compensation he decries, and instead suggests in his complaint that the ills he seeks to rectify have been caused by NERA itself, a state statute. (*Id.* at 4-6.)

## II. LEGAL STANDARD

Because Plaintiff has been granted *in forma pauperis* status, this Court is required to screen his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). Pursuant to the statute, this Court must *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.* "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)).

In deciding a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a district court is required to accept as true all factual allegations in the complaint and draw all reasonable inferences from those allegations in the light most favorable to the plaintiff, *see Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008), but need not accept as true legal conclusions couched as factual allegations. *Papasan v. Allain*, 478 U.S. 265, 286 (1986). A complaint need not contain "detailed factual allegations" to survive a motion to dismiss, but must contain "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint "that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,'" and a complaint will not "suffice" if it provides only "'naked assertion[s]'

devoid of 'further factual enhancement.'" *Id.* (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 555, 557 (2007)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). A complaint that provides facts "merely consistent with" the defendant's liability "stops short of the line between possibility and plausibility" and will not survive review under Rule 12(b)(6). *Id.* (quoting *Twombly*, 555 U.S. at 557). While *pro se* pleadings are to be liberally construed in conducting such an analysis, *pro se* litigants must still "allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

### III.   DISCUSSION

In his complaint, Plaintiff contends that he is entitled to compensation for work credits he may earn but has yet to apply. Initially, the Court notes that Plaintiff has not actually alleged that he has already earned any number of work credits, and instead asserts only that he is seeking compensation for the projected number of credits he expects to earn. Prisoners, however, do not have a vested interest in credits that they have not yet earned. *See, e.g., Monroe v. Bryan*, 487 F. App'x 19, 21 (3d Cir. 2012). As Plaintiff does not clearly allege that he currently possesses any credits, he thus fails to state a plausible claim for relief under the Due Process Clause.

Moving beyond that issue, Plaintiff's complaint would still be subject to dismissal even had he alleged that he possessed credits currently. Prisoners have no federally protected right to wages for any work while incarcerated, and may "reasonably expect to be required to work without compensation as a result of [a] conviction." *Wofford v. Lanigan*, No. 14-5723, 2015 WL 9480016,

3

at *4 (D.N.J. Dec. 28, 2015). Although New Jersey may provide a state created property interest in certain credits under certain limited circumstances, *see, e.g., Salvador v. Dep't of Corr.*, 378 N.J. Super. 467, 470 (N.J. Super. Ct. App. Div.), *certif. denied*, 185 N.J. 295 (2005), it is not clear from the facts alleged in the complaint that Plaintiff falls within those limited circumstances. Without more information regarding Plaintiff's circumstances, Plaintiff has not alleged sufficient information to permit the inference that he has a protected right to any state created liberty or property interest in unused work credits, and his claim therefore fails to state a plausible claim for relief for this reason as well.

  Finally, the Court notes that Plaintiff has not adequately pled a claim for relief against either of the two actually named Defendants. A defendant in a federal civil rights proceeding may only be held liable if they were personally involved in the alleged wrong, a defendant may not be held liable based solely upon his supervisory role. *Chavarriaga v. N.J. Dep't of Corr.*, 806 F.3d 210, 222 (3d Cir. 2015); *Rode v. Dellarciprete*, 845 F.2d 1195, 1207-08 (3d Cir. 1988). Supervisory officials, such as Defendant Kuhn, may therefore only be held liable where she can be said to be personally involved in the alleged wrong – either where she was directly involved, had knowledge of and acquiesced in the alleged wrong, or put into place a policy, custom, or practice which was the moving force behind the alleged violation. *Chavarriaga*, 806 F.3d at 222; *see also Natale v. Camden Cnty. Corr. Facility*, 318 F.3d 575, 583-84 (3d Cir. 2003). Plaintiff has not alleged that Defendant Kuhn was in any way directly involved in his inability to apply his work credits, nor that she developed any policy or procedure that led to his being denied any compensation to which he *may* be entitled under state law for those credits; instead Plaintiff appears to assert that his situation was created by state statute. Plaintiff thus has not pled facts showing Kuhn's personal involvement, and his claim against her must be dismissed.

The New Jersey Attorney General's Office, in turn, is an arm of the state. Both arms of the state and their employees in their official capacities are not proper defendants in a federal civil rights matter as they are both entitled to immunity from suit in federal court pursuant to the Eleventh Amendment and are also not considered "persons" as is required by 42 U.S.C. § 1983, the federal civil rights statute. *See, e.g., Will v. Michigan Dep't of State Pol.*, 491 U.S. 58, 70-71 (1989); *Christ the King Manor, Inc. v. Sec'y U.S. Dep't of Health & Human Servs.*, 730 F.3d 291, 318 (3d Cir. 2013); *Walker v. Beard*, 244 F. App'x 439, 440-41 (3d Cir. 2007); *Grabow v. S. State Corr. Facility*, 726 F. Supp. 537, 538-39 (D.N.J. 1989). Thus, both the New Jersey Attorney General's Office and Defendant Kuhn in her official capacity are thus entitled to immunity and must be dismissed from this matter with prejudice. To the extent Plaintiff asserts an individual capacity claim against Defendant Kuhn, that claim is dismissed without prejudice.

## IV.    CONCLUSION

For the reasons expressed above, Plaintiff's complaint (ECF No. 1) shall be **DISMISSED WITHOUT PREJUDICE** for failure to state a claim for which relief may be granted. Plaintiff's official capacity claims and claim against the New Jersey Attorney General's Office are **DISMISSED WITH PREJUDICE**. Plaintiff shall be granted leave to file an amended complaint within thirty days. An order consistent with this Opinion will be entered.

Date: December 5, 2025

                                                            s/ Zahid N. Quraishi
                                                         **ZAHID N. QURAISHI**
                                                         **UNITED STATES DISTRICT JUDGE**